STATE OF NEBRASKA V. WELLS-FARGO & COMPANY.*

STATE OF NEBRASKA V. PACIFIC EXPRESS COMPANY.*

STATE OF NEBRASKA V. UNITED STATES EXPRESS COMPANY.*

STATE OF NEBRASKA V. AMERICAN EXPRESS COMPANY.*

FILED SEPTEMBER 25, 1909. NOS. 15,306, 15,307, 15,308, 15,309.

For a syllabus to each of the foregoing cases see *State v. Adams Express Co., ante*, p. 25.

ORIGINAL actions by the state to enjoin defendants from putting into effect charges or rates other than those established by law. *Judgment for state in each case.*

*William T. Thompson*, Attorney General, for plaintiffs.

*Charles J. Greene* and *Ralph W. Breckenridge, contra.*

BARNES, J.

The foregoing cases were all tried at the same time and in the same manner as the case of *State v. Adams Express Co., ante*, p. 25. The issues in all of them were practically alike, and the questions involved were the same as those decided in that case. The findings of the referee were substantially the same in all of the cases.

In *State v. Wells-Fargo Co.*, the defendant claimed and attempted to show by an estimate based on its business for the months of August, September and October, 1907, that it lost on its intrastate transactions in Nebraska for those months $13.85, and that by applying the Sibley rates to those months its loss for 1908 would be $112.64. This estimate, however, does not take into consideration the increase of business resulting from reduced rates, or the receipts of the company from its sales of money orders; which amounted to $153.70. This item the referee finds should have been included in the estimate, and we sustain his finding on this point. As stated in *State v.*

* *See *State v. Pacific Express Co.*, 80 Neb. 823.

*Adams Express Co.*, the defendant's evidence and the estimate by which it attempted to show a loss in conducting its business are not convincing. On the other hand, the referee has found from the reports made by the defendant to the Nebraska state railway commission, which are in evidence and embrace the actual operation of the law in question, that the defendant's business in 1908 was conducted at a small profit, even if its expenses are apportioned according to the methods adopted by its witnesses. It appears, however, that by the method adopted by the referee in apportioning such expenses the company made, during the year 1908, a net profit of 11 per cent. on the gross income of its intrastate business. The exceptions to the referee's report are therefore overruled, and his findings are in all things sustained.

In *State v. Pacific Express Co.* it appears from the referee's report that the evidence introduced by the defendant fairly shows that its net profit on its Nebraska intrastate business for the year ending June 30, 1907, was 8.52 per cent. By an estimate of the effect of the operation of the statute in question for the year 1908 upon its intrastate business for the year 1907, and not including its money-order business or allowing anything for an increase of its business on account of the reduced rates, the defendant has attempted to show that its business for 1908 was conducted at a loss. On the other hand, it appears by actual test for the months of April, June and July, 1908, that defendant's profit on its gross revenue was 14.66 per cent., and whether the terminal cost be apportioned in accordance with the claim of the estate, or according to the method employed by the defendant, the net profit of the company upon its gross intrastate receipts, exclusive of the money-order business, was between 9 per cent. and 10 per cent, and, including that business, its net profit was between 10 per cent. and 11 per cent. The referee's findings in this case are therefore sustained.

The report of the referee in *State v. United States Ex-*

*press Co.* shows that the company claims to have lost, in 1907, upon its Nebraska intrastate business $227.17, or three-fourths of a cent upon each package carried, or 1.5 per cent. of its gross receipts; that by applying the Sibley rates to its 1907 business the company estimates that its loss under those rates for 1908 was approximately $1,616.89, or 14 per cent. of its gross receipts. Neither defendant's claim nor its estimate takes any account of receipts from sales of money orders, or increased business resulting from reduced rates. As opposed to this estimate, and the evidence upon which it is based, the state has shown that the Nebraska intrastate revenue of the company was $8,790.75; that, deducting the expense incurred in carrying on the business, its net profit was $223.19. Adding to this the net profit on its money-order business, which was $458.91, the referee has found that the total net profit for the period was $682.10, or about 7 per cent. of its gross receipts. We therefore sustain the finding of the referee in this case.

In *State v. American Express Co.* it appears from the report of the referee that the company claims that it lost in 1907 upon its Nebraska intrastate business $146.56, and by applying the Sibley rates to the business of that year its loss for 1908 was practically $10,758.54, or 9.7 per cent. of its gross intrastate receipts. This estimate, however, takes no account of increased business resulting from reduced rates. By the process of figuring used by the company, and taking its reports to the state railway commission for the months of April to September, 1908, inclusive, as an average six months, the referee has found that the defendant actually received a total revenue for its Nebraska intrastate business for the year 1908 amounting to $157,263.78; that its total expense chargeable to that business was $150,844.74, leaving a net income of $6,419.04, which is 4.8 per cent. of the gross income derived from that business. It thus appears that the finding of the referee that the Sibley rates as applied to the business of defendant are not confiscatory is correct.

In none of the foregoing cases is the value of the property devoted to the Nebraska intrastate business disclosed by the evidence, and, in the absence of any showing to the contrary, we must presume that it is so small in amount as not to affect the conclusions reached by the referee.  His findings are therefore sustained.

We are of opinion that the foregoing cases should be ruled by *State v. Adams Express Co., ante,* p. 25, and a like judgment will be entered in each of these cases for the plaintiff.  The restraining orders now in force are made permanent; but our judgment herein shall not in any manner affect the right of the defendants, or any of them, to apply to the Nebraska state railway commission for an increase of rates whenever it shall appear that those fixed by the statute are confiscatory, or so unreasonably low as not to afford them a fair measure of profits; and nothing herein contained shall abridge the right of the railway commission to grant the proper relief in such cases.

JUDGMENTS ACCORDINGLY.

REESE, C. J., and ROSE, J., not sitting.